IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID MERCER, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNDER ARMOUR, INC., et al., <br><br> Defendants. | Civil No. 16-581 (JHR/AMD) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court *sua sponte* in light of Plaintiff David Mercer, Jr.'s failure to appear for a court-ordered conference on January 27, 2017 in response to the Court's Order to Show Cause dated January 13, 2017; Plaintiff's failure to enter his appearance *pro se* or obtain an attorney and have new counsel enter an appearance on his behalf; failure to appear for a court-ordered conference on December 5, 2016; and failure to prosecute his case. (See Order Granting Motion to Withdraw as Counsel [D.I. 35], Dec. 6, 2016; see also Order to Show Cause [D.I. 38], Jan. 13, 2017.) The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of recommended sanctions. For the reasons set forth herein, the

Court recommends that Plaintiff David Mercer, Jr.'s complaint be dismissed with prejudice.

The complaint in this matter was filed on behalf of Plaintiff by Franklin J. Rooks, Jr., Esquire, of the Law Firm of Jacobson & Rooks, LLC on January 11, 2016 in the Superior Court of New Jersey, Law Division, Camden County. Defendants removed this matter to federal court on February 2, 2016. (See Notice of Removal [D.I. 1]; see also Exhibit A, Complaint [D.I. 1].) The complaint alleges violations of the New Jersey Law Against Discrimination and the New Jersey Wage and Hour Laws. (See generally id.) On June 16, 2016, Mr. Rooks filed his first motion to withdraw as attorney for Plaintiff citing his inability to contact the Plaintiff and stating that the attorney-client relationship had become "untenable[.]" (See First Motion to Withdraw from Representation [D.I. 17], 3.) The Court conducted oral argument on July 11, 2016 with Plaintiff and all counsel appearing and, thereafter, issued an Order denying Mr. Rooks' motion to withdraw without prejudice. (See Order [D.I. 20], July 11, 2016.) On November 7, 2016, Mr. Rooks filed his second motion to withdraw asserting that "[c]ounsel has been unsuccessful in obtaining the Plaintiff's cooperation" and that Plaintiff has not "communicate[d] with his attorney." (See Second Motion to Withdraw from Representation [D.I. 28],

1.) The Court, by way of Order dated November 15, 2016, scheduled an in-person hearing for December 5, 2016 and directed the Law Firm of Franklin & Rooks, LLC to "advise the Plaintiff David Mercer, Jr. of the date and time of the hearing by mailing a copy of [the] Order by first class mail and certified mail" and further directed that "[c]ounsel for all parties and Plaintiff David Mercer, Jr. shall appear at the hearing." (See Scheduling Order [D.I. 29], Nov. 15, 2016, 1.) Plaintiff failed to appear at the hearing on December 5, 2016, and the Court subsequently granted the motion to withdraw filed on behalf of the Law Firm of Franklin & Rooks, LLC. In the Court's Order granting withdrawal, dated December 6, 2016, the Court directed that "Plaintiff David Mercer, Jr. shall either enter an appearance *pro se* or shall obtain an attorney and have new counsel enter an appearance on his behalf in this case **within thirty (30) days** from the date of entry of this Order[.]" (See Order [D.I. 35], 1-2.) Additionally, the Court directed the Law Firm of Jacobson & Rooks, LLC to serve a copy of the Order on Plaintiff and to file proof of service of the Order on the docket in order for withdrawal to become effective. Proof of service was filed on the docket on December 13, 2016, together with a signed return receipt card from Plaintiff. (See Proof of Service [D.I. 36], Dec. 13, 2016.)

3

On January 13, 2017, the Court issued an Order to Show Cause directing Plaintiff to appear on January 27, 2017 to "show cause as to why an Order for sanctions, including an order for dismissal, should not be entered (1) for his failure to enter an appearance *pro se* or have an attorney enter an appearance on his behalf; and (2) for Plaintiff's failure to prosecute his case[.]" (See Order to Show Cause [D.I. 38], 2.) The Court further warned that failure to appear at the Court's January 27, 2017 hearing "may result in the imposition of sanctions, including dismissal of the case." (Id. at 3.) The Order to Show Cause was mailed by the Clerk's Office to Plaintiff David Mercer, Jr. by first class mail and certified mail. As of this date, no mail, sent either by first class mail or certified mail, has been returned to the Clerk's Office as undeliverable. However, the return receipt card has also not been returned with a signature by David Mercer, Jr., or alternatively, returned as unclaimed.

Federal Rule of Civil Procedure 41(b) enables the Court to *sua sponte* dismiss an action where "the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure and/or "a court order[.]" FED. R. CIV. P. 41(b); see also Shields v. Comm'r of Soc. Sec., 474 F. App'x 857, 858 (3d Cir. 2012) (noting that, "[u]nder Federal Rule of Civil

4

Procedure 41(b), a district court may dismiss an action *sua sponte* if a plaintiff fails to prosecute his case") (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). Federal Rule of Civil Procedure 37(b) similarly authorizes the striking of pleadings or the dismissal of an action where a party "fails to obey an order to provide or permit discovery[.]"[1] Fed. R. Civ. P. 37(b)(2)(A). Dismissals, however, constitute "'drastic sanctions, termed 'extreme' by the Supreme Court, ... and are to be reserved for [such] cases.'" Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010) (quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984)), adopted by, 2010 WL 1566316 (D.N.J. Apr. 16, 2010) (adopting this Court's report and recommendation). In determining the propriety of dismissal, the Court must ordinarily balance the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 864, 867-68 (3d Cir. 1984). The Court need not, however, conduct a balancing of the Poulis factors where, as here, "a plaintiff refuses to proceed with his case or otherwise makes adjudication of [the] case impossible[.]" Abulkhair v. New Century Fin. Servs., Inc., 467

---

[1] The Court may also impose sanctions pursuant to Federal Rule of Civil Procedure 16(f) where a party or its attorney "(A) fails to appear at a scheduling or other pretrial conference" or "(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C).

5

F. App'x 151, 153 (3d Cir. 2012) (affirming the district court's dismissal of plaintiff's complaint, despite the fact that the court did not "appear to weigh the Poulis factors"); see also Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) ("when a litigant's conduct makes adjudication of the case impossible," a Poulis balancing "is unnecessary").

Here, Plaintiff has failed to appear for court-ordered conferences and failed to prosecute this action. Despite clear warning from the Court concerning the effect of noncompliance, Plaintiff has failed to appear for the Court's multiple conferences; failed to enter an appearance *pro se* in this matter and/or failed to have an attorney enter an appearance on his behalf. Nor has Plaintiff proffered any explanation for his failure to participate in the prosecution of this action. The Court therefore finds that Plaintiff's repeated failures have rendered "impossible" the adjudication of Plaintiff's case. See Abulkhair, 467 F. App'x at 153. Consequently, the Court need not conduct a Poulis balancing under these circumstances because Plaintiff's failure to prosecute, without more, warrants the dismissal of Plaintiff's complaint. See Abulkhair, 467 F. App'x at 153 (finding a Poulis balancing "not necessary" in light of plaintiff's repeated failures to respond and to comply with the court's orders); Shipman, 381 F. App'x at 164 (finding

"dismissal for failure to prosecute" warranted, notwithstanding the fact that "the District Court did not make explicit findings concerning the Poulis factors").

However, even upon consideration of the Poulis factors, the Court concludes that the present circumstances warrant the dismissal of Plaintiff's complaint. Specifically, in accordance with the Poulis factors, the Court evaluates: (1) "[t]he extent of the party's personal responsibility[]"; (2) the "prejudice to the adversary" caused by the failure to meet scheduling orders and respond to discovery; (3) "[a] history of dilatoriness[;]" (4) whether the conduct of the party or the attorney "was willful or in bad faith[;]" (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the "[m]eritoriousness of the claim" or defense. Poulis, 747 F.2d at 868-69. Poulis, however, "'requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C., No. 12-722, 2013 WL 5176735, at *3 (D.N.J. Sept. 12, 2013) (quoting Chiarulli, 2010 WL 1371944, at *4). The Court therefore need not "find each factor in order to justify a dismissal." Starland v. Fusari, No. 10-4930, 2012 WL 3277084, at *2 (D.N.J. Aug. 9, 2012) (citing

7

Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988); Azkour v. Aria, 330 F. App'x 373, 375 (3d Cir. 2009)).

The first Poulis factor requires an examination of the extent of the party's personal responsibility. Poulis, 747 F.2d at 868. Plaintiff is responsible for the lack of prosecution in this case. Indeed, his failure to cooperate with his former counsel resulted in counsel moving to withdraw from representing Plaintiff. The Court finds Plaintiff's failures to appear and to comply with court orders solely attributable to Plaintiff. The first Poulis factor accordingly favors dismissal of Plaintiff's complaint.

"Under the second Poulis factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" Chiarulli, 2010 WL 1371944, at *3 (quoting Huertas v. City of Phila., No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), aff'd, 139 F. App'x 444 (3d Cir. 2005), cert. denied, 546 U.S. 1076 (2005)). However, prejudice need not be "'irremediable' or 'irreparable[.]'" Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir. 2008) (citation omitted). Rather, a party may be prejudiced if the adversary's conduct impedes "its 'ability

8

to prepare effectively a full and complete trial strategy[.]'" Chiarulli, 2010 WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). Here, the Court finds that Plaintiff's failure to appear and failure to comply with court orders results in prejudice to Defendants in that Defendants cannot complete discovery in this matter or obtain information about the authenticity issue raised by Defendants in connection with certain emails of Plaintiff. See Hayes v. Nestor, No. 09-6092, 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013) (adopting this Court's report and recommendation, which found that the plaintiff's conduct rendered "it unnecessarily difficult for [d]efendants to litigate the case"). The second Poulis factor therefore heavily favors dismissal. See Chiarulli, 2010 WL 1371944, at *3 (noting that "[a] finding of prejudice to the opposing party under Poulis 'weighs heavily in favor of dismissal'") (citation omitted).

      Under the third Poulis factor, the Court examines whether the disputed conduct evinces a pattern of dilatoriness. Poulis, 757 F.2d at 868. "'Extensive or repeated delay or delinquency'" or "'consistent tardiness in complying with court orders'" suffice to demonstrate a history of dilatoriness. Chiarulli, 2010 WL 1371944, at *3 (quoting Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir.

1994) (citing Poulis, 747 F.2d at 868)). However, the Court need not find multiple instances of dilatory action in order to warrant dismissal. Poulis, 747 F.2d at 868. Plaintiff's failures to appear, without more, demonstrate a history of dilatory action. In this case, the third Poulis factor therefore favors dismissal. See Solomon v. Atl. City Hilton Casino & Resort, No. 10-5701, 2013 WL 3070884, at *5 (D.N.J. Apr. 8, 2013) (finding plaintiff's failure to provide Rule 26 disclosures or to respond to defendants' motions to dismiss demonstrated a history of dilatoriness), adopted by, 2013 WL 2445015 (D.N.J. May 7, 2013).

The fourth Poulis factor considers whether the disputed conduct rises to the level of willful or bad faith. Poulis, 747 F.2d at 868. "In the context of discovery sanctions, willfulness and bad faith 'involve[] intentional or self-serving behavior.'" Chiarulli, 2010 WL 1371944, at *3 (quoting Adams, 29 F.3d at 875). Moreover, where the record remains unclear, "a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'" Hunt-Ruble, 2012 WL 2340418, at *5 (adopting and restating this Court's report and recommendation) (quoting Martino v. Solaris Health Sys. Corp., No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007) (citing Gillian v. Cape May Cnty. Corr., No. 05-1177, 2006 WL 3454864, at *3 (D.N.J.

Nov. 28, 2006))). The Court notes that Plaintiff has not proffered any justification for failing to comply with the court's orders. The Court's Order to Show Cause expressly provided that, failure to appear "may result in the imposition of sanctions, including dismissal of the case." (See Order to Show Cause [D.I. 38], 3.) Notwithstanding that unequivocal warning, Plaintiff failed to appear. The Court therefore finds that Plaintiff's actions constitute "a willful failure to participate in this litigation[,]" rather than mere "negligence[.]" Hunt-Ruble, 2012 WL 2340418, at *5 (citing Jackson Hewitt, Inc. v. Adams, No. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22, 2006)); see also Hayes, 2013 WL 5176703, at *5 (adopting this Court's report and recommendation finding the plaintiff's noncompliance with the court's orders to be willful and intentional). The fourth Poulis factor therefore favors dismissal.

With respect to the fifth Poulis factor, the Court considers the efficacy of sanctions other than dismissal. See Poulis, 747 F.2d at 868. In light of Plaintiff's multiple failures to appear, the Court finds that sanctions other than dismissal would prove ineffective in compelling compliance with court orders. See Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), adopted by, 2011 WL

2112301 (D.N.J. May 25, 2011), aff'd, 506 F. App'x 156 (3d Cir. 2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed."). The fifth Poulis factor therefore favors dismissal.

The final Poulis factor requires an evaluation of the meritoriousness of Plaintiff's claim. In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. A court need not, however, "balance both parties' claims and defenses" nor "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922.  At this stage of the proceedings, the Court lacks a record sufficient to evaluate the meritoriousness of Plaintiff's claim. The Court therefore finds this factor neutral. See Caffrey v. Scott, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011) (finding the sixth Poulis factor "largely neutral" because the Court did not possess "sufficient grounds to evaluate the meritoriousness" of plaintiff's claims at that stage of the proceeding).

"'<u>Poulis</u> requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" See <u>Williams</u>, 2011 WL 2119095, at *8 (quoting <u>Chiarulli</u>, 2010 WL 1371944, at *4). The Court finds that the <u>Poulis</u> factors warrant dismissal of Plaintiff's complaint. For the reasons set forth herein, the Court therefore respectfully recommends that Plaintiff's complaint be dismissed with prejudice.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

s/ Ann Marie Donio<br>
ANN MARIE DONIO<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  February 3, 2017

```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

| | |
|---|---|
| DAVID MERCER, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNDER ARMOUR, INC., et al., <br><br> Defendants. | Civil No. 16-581 (JHR/AMD) |

**PROPOSED ORDER**

This matter comes before the Court *sua sponte* in light of *pro se* Plaintiff David Mercer, Jr.'s failure to appear for a court-ordered conference on December 5, 2016; failure to enter his appearance *pro se* or obtain an attorney and have new counsel enter an appearance on his behalf; failure to appear for a court-ordered hearing on January 27, 2017; and failure to prosecute his case. (See Order to Show Cause [D.I. 38], Jan. 13, 2017); and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is

neither clearly erroneous, nor contrary to law; and for good cause shown:

IT IS on this ___ day of _____ 2017 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's complaint shall be, and is hereby, **DISMISSED WITH PREJUDICE**.

_____
JOSEPH H. RODRIGUEZ
SENIOR UNITED STATES DISTRICT JUDGE